**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| EVAN T. W., | Case No.  1:22-cv-00306-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | **(Dkts.  1, 13)** |
| KILOLO KIJAKAZI, Acting Commisioner of Social Security, | |
| Defendant. | |

Pending is Plaintiff's Complaint (Dkt. 1) and an accompanying Brief in Support (Dkt. 13) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits.  *See* Compl. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 9).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**ADMINISTRATIVE PROCEEDINGS**

Plaintiff is a man in his fifties who alleges that he is unable to work primarily due to seizure disorder, post-traumatic stress disorder ("PTSD"), and chronic obstructive pulmonary disease ("COPD").  AR[1] 95-105; *see also* Pln.'s Br. at 1.  On December 3, 2019, Plaintiff filed an application for social security disability income ("SSDI") with an alleged onset date ("AOD") of November 20, 2019.  AR 26.  The claim was denied initially and on reconsideration and Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ").  *Id.*  On May 21,

---

[1] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 9)

**MEMORANDUM DECISION AND ORDER – 1**

2021, the claim went to a hearing before ALJ Stephen Marchioro.  *Id.*  On June 4, 2021, the ALJ

issued a decision that was unfavorable to Plaintiff.  AR 26-41.  Plaintiff appealed this decision to

the Appeals Council.  AR 1.  The Council denied Petitioner's request for review, making the

ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-6.

      Having exhausted his administrative remedies, Plaintiff filed this case.  Plaintiff raises

three points of error, arguing that the ALJ (i) breached his duty to develop the record by not

ordering a psychiatric consultative examination, (ii) failed to provide clear and convincing

reasons to disregard his subjective symptom allegations, and (iii) failed to provide germane

reasons for rejecting nonmedical source statements.  Pln.'s Br. at 6.

### STANDARD OF REVIEW

      To be upheld, the Commissioner's decision must be supported by substantial evidence

and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th

Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are

conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the

ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See*

*Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

      "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v.*

*Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less

than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable

amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

      With respect to questions of fact, the Court is to review the record as a whole to decide

whether it contains evidence that would allow a person of a reasonable mind to accept the

**MEMORANDUM DECISION AND ORDER – 2**

conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay

**MEMORANDUM DECISION AND ORDER – 3**

or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.

**MEMORANDUM DECISION AND ORDER – 4**

20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Plaintiff had not engaged in SGA since November 20, 2019, the AOD.  AR 29.  The ALJ found that Plaintiff suffered from the following severe impairments: seizure disorder, obstructive sleep apnea, status post deviated septum surgery, and diabetes mellitus.  *Id.*  Further, the ALJ found that Plaintiff suffered from a number of non-severe impairments including hypertension, excision of a foreign body from the left wrist, missing pinky finger on the left hand, restless leg syndrome, COPD, a torn meniscus, left eye cataract, tinnitus, obesity, and mental impairments.  AR 29-31.  None of these impairments, either individually or in the aggregate met or equaled the severity of a listed impairment in 20 C.F.R.

**MEMORANDUM DECISION AND ORDER – 5**

part 404, subpart P, appendix 1.  AR 32.  Ultimately, the ALJ found that Plaintiff had the

residual functioning capacity ("RFC") to:

> Perform a full range or work at all exertional levels but with the following
> nonexertional limitations: he can never climb ladders, ropes, or scaffolds. He must
> avoid all exposure to unprotected heights and unguarded moving mechanical parts
> such as table saws, band saws, or exposed mechanical gears.

*Id.*   While the ALJ found that Plaintiff was unable to perform any past relevant work, he could,

in light of his age, education, work experience, and RFC, perform jobs that existed in significant

numbers in the national economy.  AR 32-39.  Consequently, the ALJ found that Plaintiff was

not disabled.  AR 40.

## DISCUSSION

### I.      The ALJ adequately developed the record.

Plaintiff argues that the ALJ failed to adequately develop the record because he did not

order a psychological consultative examination, even after Plaintiff requested one at the hearing.

Pln.'s Br. at 6-10.  Defendant counters, stating that the ALJ's duty to develop the record was not

triggered because the record with respect to Plaintiff's psychiatric impairments was not

ambiguous, inconsistent, or inadequate.  Resp. Br. at 3-4.  Further, Defendant argues that, even if

the record were not properly developed, Plaintiff has not shown any unfairness of prejudice

resulting from that failure.  *Id.*

An ALJ has a duty to develop the record when the evidence is ambiguous or the "record

is inadequate to allow for proper evaluation of the evidence."  *McLeod v. Astrue*, 640 F.3d 881,

885 (9th Cir. 2011) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  One way

an ALJ may discharge this duty is to order a consultative examination.  *See* 20 C.F.R. §

404.1519a ("We may purchase a consultative examination to try to resolve an inconsistency in

the evidence, or when the evidence as a whole is insufficient to allow us to make a determination

**MEMORANDUM DECISION AND ORDER – 6**

or decision on your claim.").  A consultative examination should be ordered "when the record is incomplete, the evidence is ambiguous, or where it is necessary to 'fully and fairly develop' and to 'assure that the claimant's interests are considered.'"  *Bucy v. Colvin*, Case No. CV 14-00220-S-REB, 2015 WL 5708599, at *8 (D. Idaho Sept. 29, 2015) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)).  The decision to order a consultative examination is within the ALJ's discretion, and a claimant does not have "an affirmative right to have a consultative exam performed by a chosen specialist."  *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001).  Moreover, a consultative examination is not the only way an ALJ may discharge his or her duty to develop the record.  An ALJ may also "subpoena[] the claimant's physicians, submit[] questions to the claimant's physicians [and] continu[e] the hearing, or keep[] the record open after the hearing to allow supplementation of the record."  *Bucy*, 2015 WL 5708599 at *8 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998)).

At the hearing, Plaintiff testified that he had presented to Nurse Practitioner McClain with complaints of anxiety and depression.  AR 81.  This provider visit occurred on May 11, 2021, the day prior to Plaintiff's hearing.  *Id.*; AR 48.  In light of this new development, the ALJ informed Plaintiff and Counsel that he would hold the record open after the hearing for fourteen days so that Plaintiff could provide supplemental medical records detailing this visit.  AR 85-86.  Counsel also made a request, near the end of the hearing, that the ALJ order a psychological consultative examination for Plaintiff.  AR 92.  Notwithstanding, on May 19, 2021, seven days after the hearing, Counsel submitted a letter to the ALJ notifying him that "[w]e have now submitted all additional records which were provided to our office" and that "at this time we feel the record can be closed and a decision be issued[.]"  AR 342.  Plaintiff did not submit any additional records of his May 11, 2019, appointment at that time.  AR 26.

**MEMORANDUM DECISION AND ORDER – 7**

Plaintiff, however, provided those records to the Appeals Council when requesting review of the ALJ's decision.  AR 347-48 ("The attached medical records . . . have not previously been submitted to the record and Claimant requests that they be added to the record.").  The Appeals Council concluded that the additional records did not have a reasonable probability of changing the outcome of the ALJ's decision.  AR 2.

Given the above, this Court concludes that, even assuming that ALJ's duty to develop the record was triggered, the ALJ adequately discharged this duty by holding the record open for supplementation.  Furthermore, it is not clear that this issue is even fit for appellate review, as Plaintiff's Counsel represented on May 19, 2021, that the record was complete and a decision could be issued, even though Plaintiff's additional records had not been submitted at that time. *See Smith v. Saul*, Case No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *7 (E.D. Cal. Oct. 28, 2020).  Accordingly, this Court will not reverse or remand the ALJ's decision for declining Plaintiff's request for a consultative examination.

## II.    The ALJ did not error in rejecting Plaintiff's subjective symptom testimony.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting his subjective symptom testimony because he did not provide a nexus between Plaintiff's allegations and the medical record.  Pln.'s Br. at 10-12.  Instead, Plaintiff argues, the ALJ merely offered a summary of the medical evidence, insufficient to justify disregarding his testimony.  *Id.* at 12-14.  Defendant contends that the ALJ provided five legally sufficient reasons for rejecting Plaintiff's testimony.  Resp. Br. at 4-8.

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective

symptom testimony may only be rejected for clear and convincing reasons. *Carmickle v.*
*Comm'r Soc. Sec.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The clear and convincing standard does
not require this Court to be convinced by the ALJ's rationale; rather, this Court asks only
"whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v.*
*Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ found that Plaintiff's underlying medical impairments could be reasonably
expected to produce his alleged symptoms. AR 32-33. Additionally, the ALJ did not find that
Plaintiff was malingering. Nevertheless, the ALJ determined that Plaintiff's alleged symptoms
were inconsistent with the medical evidence. AR 36. The ALJ summarized those symptoms as
follows:

> [Plaintiff] reported that he can barely walk, suffers from extreme headaches,
> confusion, and memory loss; that he cannot perform the simplest task; that he
> suffers from "blackouts" with impaired memory, cognitive difficulties, and
> concentration issues; that he suffers from depression, has minimal energy due to
> sleep issues, and is unaware of surrounding[s]/of people around him; that he lacks
> balance, suffers from fatigue/malaise, muscle spasms, and is in a constant state of
> worry and anxiety; that he has the balance of a toddler learning to walk and he
> sometimes falls. Also, that he has small seizure episodes on a weekly basis, a few
> minor seizures every 1-2 months; that he [is] incapable of handling bills, can only
> pay attention for 1-2 hours on a good day in a quiet room with moderate light, and
> [he is] not allowed to drive, sometimes is out for as long as 72 hours after a
> seizure; that he is incapable of doing anything for too long, he cannot hike up a
> hill anymore, and suffers from persistent dizziness, irritability, mood changes,
> nausea, lethargy, and blurry vision, as well as difficulties hearing, remembering,
> socializing, going places unaccompanied, completing tasks, getting along with
> others, understanding, following instructions, handling stress, and handling
> changes in routine.

AR 36. The ALJ found this testimony to be inconsistent with the medical evidence on the record
and provided a list of evidence inconsistent with the above symptom allegations. AR 36-38.

Plaintiff's arguments that the ALJ erred in rejecting his testimony are not persuasive. To
the extent that Plaintiff relies on *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015) to
suggest that the ALJ merely provided a summary of medical evidence, rather than the required

**MEMORANDUM DECISION AND ORDER – 9**

analysis thereof, that reliance is misplaced.  In *Brown-Hunter*, the ALJ made a conclusory statement that the claimant's alleged symptoms were inconsistent with the medical evidence, and then proceeded to summarize the medical evidence that supported the ALJ's RFC determination. 806 F.3d at 494.  The Ninth Circuit reversed, reasoning that ALJ had not provided the sort of "specific reasons" required for reviewing courts to meaningfully assess the ALJ's decision to ensure that the claimant was not "arbitrarily discredited."  *Id.*  Accordingly, the Ninth Circuit held that the ALJ committed legal error by (i) "fail[ing] to identify the testimony she found not credible" and (ii) failing to "link that testimony to the particular parts of the record supporting her non-credibility determination."  *Id.*

Neither circumstance that demanded reversal in *Brown-Hunter* is present here.  As noted above, the ALJ did not merely make a conclusory finding of non-credibility, he provided a detailed list of Plaintiff's alleged symptom testimony.  AR 36.  The ALJ then provided another detailed list of medical evidence that directly refutes much of that testimony.  AR 36-38. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Smartt*, 53 F.4th at 499 (citing *Carmickle*, 533 F.3d at 1161).  While a full discussion of each of the citations provided by the ALJ is unnecessary, some examples demonstrate how the ALJ's decision provides sufficient specific reasons for discrediting Plaintiff that allows this Court to conduct meaningful review.  For instance, in contrast with Plaintiff's allegations of blackouts, balance issues, falls, and headaches, the ALJ cited medical evidence showing "no mention of blackouts, balance issues, or falls in any medical records" and that Plaintiff reported "no headaches in February, March, June, July, and November 2020."  AR 37-38; AR 449; AR 455-56; AR 459; AR 561; AR  568.  The same is true for other symptom allegations, like Plaintiff's claim that he has small seizures on a weekly basis and minor seizures

every one-to-two months, which the ALJ contrasted with medical evidence that Plaintiff's last

major seizures occurred in November 2019 and that "[t]here is no objective medical evidence of

seizures, either major or minor, after November 2019[.]"  AR 38.  In short, although Plaintiff

argues that the ALJ did not provide a nexus between Plaintiff's testimony and the medical

evidence, it is difficult to see how the ALJ could have provided a stronger link between the

evidence and his finding of non-credibility.

To the extent the ALJ's decision summarizes medical evidence, it does not run afoul of

*Brown-Hunter*.  That case concerned an appellate court's ability to conduct meaningful review of

an ALJ's decision; it did not set out a formatting rule that an ALJ may never list medical

evidence.  Consistent with *Brown-Hunter*, this Court can both identify the testimony that the ALJ

found to not be credible and discern a link between that testimony and the parts of the record

cited by the ALJ.  And, importantly, inconsistencies with the medical record are sufficient clear

and convincing reasons to have rejected Plaintiff's subjective testimony.

While inconsistencies with the medical record alone are enough to affirm the ALJ's

decision, Plaintiff also argues that the ALJ improperly rejected his testimony based on his

reported daily activities.  Pln.'s Br. at 13.  This argument, too, is unpersuasive.  An ALJ may rely

on reported daily activities to discredit subjective symptom testimony if those activities either (i)

contradict the claimant's other testimony or (ii) meet the threshold of transferable work skills.

*Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Here, the ALJ noted that Plaintiff performed

self-employed, part-time labor such as "odd jobs cleaning out property, painting, mowing lawns,

hauling stuff away for others, changing heat registers, and repairing sprinkler lines." AR 37; AR

73-76.  These activities, while not rising to the level of transferable work skills, are plainly

inconsistent with Plaintiff's subjective symptom allegations.  For example, it is hard to square

**MEMORANDUM DECISION AND ORDER – 11**

the allegation that Plaintiff is unable to complete the simplest tasks with his ability to repair sprinkler lines, if only on a part-time basis.  Accordingly, the ALJ did not err in relying on Plaintiff's reported activities in finding that Plaintiff's subjective testimony was not entirely credible.

For the above reasons, the Court concludes that the ALJ did not err in finding that Plaintiff's subjective symptom testimony lacked credibility.  The ALJ provided clear and convincing reasons for rejecting that testimony including inconsistencies with the medical evidence and contradictory daily activities.

## III.  Any error in rejecting nonmedical source statements was harmless.

Plaintiff argues that the ALJ improperly rejected nonmedical source statements without providing germane reasons for doing so.  Pln.'s Br. at 14-16.  Defendant argues that ALJ's are no longer required to articulate how they consider nonmedical source evidence following the 2017 revision to the Regulations.  Def.'s Br. at 10-11.  And, in the alternative, Defendant suggests that any error in rejecting the nonmedical source evidence was harmless, because that evidence was repetitious of Plaintiff's subjective symptom testimony, which the ALJ properly rejected.  *Id.*

The parties' briefing frames an unsettled area of law.  The 2017 Regulations updated language relating to how ALJs must consider nonmedical evidence, providing that "[w]e are not required to articulate how we considered evidence from nonmedical sources using the requirements" applicable to medical opinion evidence.  20 C.F.R. § 404.1520c(d).  The Ninth Circuit has yet to rule on whether the 2017 Regulations displaced the "germane reasons" standard for rejecting nonmedical source evidence.  *See M.P. v. Kijakazi*, Case No. 21-cv-03632-SVK, 2022 WL 1288986, at *7 (N.D. Cal. Apr. 29, 2022).  In the absence of controlling precedent, different courts have reached different results.  *Compare Wendy J.C. v. Saul*, 2020

**MEMORANDUM DECISION AND ORDER – 12**

WL 6161402, at *12 n.9 (D. Or. Oct. 21, 2020) (explaining that, for claims filed after the effective date of the 2017 Regulations that "the ALJ is no longer required to provide reasons germane to lay witnesses to reject their testimony"), *with Joseph M.R. v. Comm'r of Soc. Sec.*, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) (holding that the 2017 Regulations "do[] not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements").

Rather than wade into uncharted waters, this Court concludes that this case can be resolved without parsing whether the 2017 Regulations displaced the "germane reasons" rule because any error that occurred in rejecting Plaintiff's nonmedical source evidence was harmless.  "Where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also germane reasons to reject the lay witness testimony."  *Thomas v. Comm'r of Soc. Sec.*, 2022 WL 292547, at *7 (D. Ariz. Feb. 1, 2022) (citing *Caleb H. v. Saul*, 4:20-cv-05006, 2020 WL 7680556, at *8 (E.D. Wash. Nov. 18, 2020); *see also Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

Here, the nonmedical source evidence Plaintiff submitted parallels his own subjective symptom testimony.  Plaintiff submitted statements from his friend, sister, step-mother, and former managers.  AR 272-80, 291-92, 334-37.  Those statements mirrored Plaintiff's subjective testimony about his ability to concentrate, memory, and effects of his seizure disorder.  As noted above, the ALJ offered appropriate clear and convincing reasons for rejecting Plaintiff's

**MEMORANDUM DECISION AND ORDER – 13**

subjective symptom testimony.  Those reasons apply with equal force to the nonmedical source statements and, accordingly, any error in failing to articulate germane reasons for rejecting that evidence is harmless.

### ORDER

Based on the foregoing, Plaintiff's Petition for Review (Dkt. 1) is **DENIED** and the decision of the Commissioner is **AFFIRMED.**

DATED: May 23, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge